# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2010

No. 09-30727
Summary Calendar

Lyle W. Cayce
Clerk

KELVIN WELLS,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:07-CV-889

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kelvin Wells appeals the judgment of the district court, which found no reversible error by the Social Security Administration (SSA) in denying him disability benefits. For the reasons set out below, we affirm the judgment of the district court.

The district court assigned the case to a magistrate judge. The magistrate judge recommended finding in favor of the SSA. Specifically, he held that: (1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficient evidence supported the SSA's determination that Wells could work; (2) that the SSA did not ignore evidence of Wells's medications and their side effects or any other medical conditions; (3) the SSA complied with the terms of remand in the previous appeal; (4) Wells failed to show that the SSA violated his right to due process or equal protection; and (5) no new evidence Wells offered justified a remand under 42 U.S.C. § 405(g), as it was all immaterial. Wells objected to the magistrate judge's report and recommendations, offering essentially conclusory arguments of error. The district court adopted the magistrate judge's report and recommendations over Wells's objection and entered judgment. Wells then moved for reconsideration of the judgment, focusing in particular on the SSA's omission of several pages from the administrative record, which he charged to be in bad faith. The district court denied the motion.

In his brief before us Wells asks us to reverse the denial of his benefits and also to order an immediate payment of benefits and sanctions. In his request for sanctions, his brief focuses on his allegation of bad-faith tactics by the SSA, but he does not develop his arguments with any specificity. This failure would ordinarily result in waiver of his arguments, but because he proceeds *pro se*, we will consider his appeal of the district court's determination rejecting bad faith and we will review the SSA's denial of benefits.

We begin with his allegations of bad faith. The district court determined in denying the motion for reconsideration that there was no bad faith, a factual finding that we can reverse only if we find clear error. As we have noted, Wells argued in his motion for reconsideration that several pages were intentionally omitted from the administrative record, which we take to be the essence of his bad faith argument on appeal. After reviewing the record, we conclude that the district court did not clearly err by determining that the SSA's omission was accidental.

No. 09-30727

Turning to the SSA's denial of benefits, our review is limited to determining whether substantial evidence supports the conclusion of the administrative law judge (ALJ) and whether the ALJ applied the law correctly. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001). As required by a previous remand, the SSA took additional evidence regarding Wells's mental condition. The ALJ describes the evidence considered, including the results of mental health examinations by three different mental health professionals and evidence regarding Wells's back problems. The ALJ first analyzed Wells's claims of physical impairments, which the ALJ found limit him to performing light work, as defined in 20 C.F.R. § 416.967(b). Next, the ALJ considered the mental health evidence and Wells's testimony, concluding that this evidence primarily established that Wells was prone to angry outbursts and that he would not function well in a multiracial environment. Thus, the ALJ narrowed the field of work for which Wells was suited to light work that required minimal interaction with others. The ALJ then considered the testimony of a vocational expert, who testified that Wells could work as a "housekeeper/cleaner or an assembler." The ALJ specifically noted that there were approximately 2 million jobs available in those categories, and that those areas were not necessarily the only fields in which Wells might find employment. On this basis, the ALJ concluded that Wells could perform jobs that exist in significant numbers in the national economy and denied Wells's claim for benefits on that basis. We agree with the district court that sufficient evidence supported this determination.

The judgment of the district court is, therefore,

AFFIRMED.